IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RITA H.,[1]

    Plaintiff,

v.                                Civil Action No. 3:24-cv-72-HEH

FRANK BISIGNANO,
Commissioner of Social Security,[2]

    Defendant.

## MEMORANDUM OPINION
(Adopting Magistrate Judge's Report and Recommendation)

In this action, Plaintiff challenges the Social Security Administration's ("SSA" or "Commissioner") denial of her Title II application for disability insurance benefits. The matter is presently before the Court on the Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Summer L. Speight, United States Magistrate Judge (the "Magistrate Judge"), on February 4, 2025. (ECF No. 17.) The Magistrate Judge's R&R addressed the parties' cross-motions for summary judgment (ECF Nos. 12, 14) and recommended the Court affirm the SSA's decision. (R&R at 2.)

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants by only their first names and last initials.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano should be substituted for Michelle King as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff has filed Objections to the R&R (ECF No. 18), and the Commissioner has responded thereto (ECF No. 19). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. *See* E.D. Va. Loc. Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, this Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition of the case. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

## I. BACKGROUND

On April 27, 2020, Plaintiff applied for Social Security Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Plaintiff alleged that she suffered from major depressive disorder, generalized anxiety disorder, hypertension, carpal tunnel syndrome in both hands, borderline diabetes, several issues with her right foot, a torn ligament in her right shoulder, and panic disorders. (R. at 111–12.) The SSA denied Plaintiff's claims both initially and upon reconsideration. (*Id.* at 108, 109.) Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which took place on November 3, 2021. (*Id.* at 77–99, 164.) On December 1, 2021, the ALJ issued

a written opinion, finding that Plaintiff was not disabled under the Act. (*Id.* at 125–39.) On July 27, 2022, the SSA Appeals Council granted Plaintiff's request for review of the ALJ's decision and remanded the case to an ALJ. (*Id.* at 141–42.)

A hearing on remand was held on November 29, 2022. (*Id.* at 38–76.) The ALJ issued a written decision on August 22, 2023, again finding that Plaintiff was not disabled under the Act. (*Id.* at 17–30.) On December 19, 2023, the SAA Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 1–6.)

### A. The ALJ's Five-Step Evaluation Process

The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual has a disability "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* § 423(d)(2)(A).

In making the disability determination, the ALJ followed the five-step evaluation process pursuant to SSA regulations. *See* 20 C.F.R. § 404.1520(a)(4); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). At step one of the evaluation process, the ALJ found

3

that Plaintiff had not engaged in substantial gainful activity[3] since November 15, 2018. (R. at 20.)

At step two, the ALJ determined that Plaintiff had the following severe impairments: (1) obesity, (2) bilateral carpal tunnel syndrome, (3) bilateral knee osteoarthritis, (4) and right foot, ankle, and posterior tibial tendinitis. (*Id.*) The ALJ found that Plaintiff did not suffer from any severe mental impairments. Specifically, the ALJ considered the criteria required by regulation and concluded that Plaintiff's "medically determinable mental impairments of major depressive disorder and generalized anxiety disorder, considered singly and in combination, [did] not cause more than minimal limitation in [her] ability to perform basic mental work activities and [were] therefore non-severe." (*Id.* at 21–22.) Although Plaintiff's mental impairments were not severe, the ALJ nonetheless considered them in assessing Plaintiff's RFC. (*Id.*)

At step three, the ALJ determined that Plaintiff did not have impairment which met or equaled a disability provided by the regulations. (*Id.* at 22–23); *see* 20 C.F.R. Part 404, Subpart P, App. 1. Based on the evidence in the record, the ALJ determined Plaintiff's residual functional capacity ("RFC"), namely that Plaintiff retained the ability to perform a range of medium work as defined in 20 C.F.R. § 404.1567(c) with the following limitations:

---

[3] Substantial gainful activity is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities," which may include work that "is done on a part-time basis" or work that comes with less pay or responsibility than a person's prior work history. 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).

4

> [Plaintiff] can lift up to 10 pounds continuously, 20 pounds frequently, and 50 pounds occasionally, can carry up to 20 pounds continuously and 50 pounds occasionally, can sit 8-hours per day, could stand and/or walk 6-hours per day, must use a cane if walking greater than 5-10 blocks, occasionally feel with bilateral hands, constantly reach, handle, and finger with both hands, occasionally climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds, occasionally balance as the term is defined in the [Selected Characteristics of Occupations], occasionally stoop, kneel, and crouch, and never crawl.

(R. at 23.)

At step four, the ALJ determined that Plaintiff could perform her past relevant work as a sales attendant. (*Id.* at 28–29.) In the alternative, the ALJ found Plaintiff capable of performing other jobs that exist in significant numbers in the national economy based on her age, education, work experience, and RFC. (*Id.* at 28–29.) Ultimately, the ALJ concluded that Plaintiff was not disabled from November 15, 2018, through August 22, 2023. (*Id.* at 29.)

### B. The ALJ's Evaluation of Plaintiff's Impairments When Formulating the RFC

In arriving at the RFC, the ALJ first reviewed and summarized Plaintiff's medical records pertaining to her severe impairments. These included impairments from Plaintiff's history of right foot and ankle ailments, posterior tibial tendinitis, bilateral carpal tunnel syndrome, and bilateral knee osteoarthritis. (*Id.* at 24.) The ALJ also acknowledged Plaintiff's subjective complaints and statements which included reports of difficulty with standing, walking, and negotiating stairs. (*Id.*) The subjective complaints included reports regarding Plaintiff's mental impairments, namely, Plaintiff's alleged memory difficulties, reports of becoming easily annoyed and irritable, and other mental

5

health impairments. (*Id.* at 21.) Ultimately, the ALJ found that the medical reports did not support Plaintiff's allegations of symptom severities. (*Id.* at 24.) The ALJ noted that the record showed that there were instances of Plaintiff's noncompliance with treatment, that treatment providers consistently made normal mental and physical findings, that Plaintiff lives alone and was independent with her daily activities, that Plaintiff's mental symptoms were closely connected with temporary life stressors, and that Plaintiff repeatedly reported no pain to treatment providers. (*Id.* at 25–26.) The ALJ also recognized that "there have been significant periods during which [Plaintiff] took no medication and failed to comply with recommended treatments." (*Id.* at 26.) Moreover, Plaintiff's current treatment, the ALJ observed, did not suggest the presence of impairment that was more than a mild limitation on Plaintiff's ability to do basic work activities. (*Id.*)

The ALJ also considered medical opinions and prior administrative medical findings. (*Id.*) These considerations included Functional Report-Adult Third Party reports from Plaintiff's sister,[4] several opinions by state agency review psychologists and physicians, and Plaintiff's treating orthopedic surgeon and treating ophthalmologist. (*Id.* at 26–28.) Ultimately based on the examination of all applicable evidence, the ALJ found that Plaintiff was capable of performing medium exertion work with additional limitations. (*Id.* at 28.)

---

[4] Although the ALJ considered these reports, it noted that they were of little persuasive value because Plaintiff's sister cannot be considered a disinterested third-party witness and she has no established medical training. (*Id.*)

6

### C. The Magistrate Judge's Conclusion

Based on the analysis of the ALJ's findings and Plaintiff's evidence, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (R&R at 20); *see also* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On February 18, 2025, Plaintiff filed objections to the Magistrate Judge's R&R. Plaintiff first contends that the Magistrate Judge erred in recommending the ALJ's decision be upheld because the ALJ failed to adequately consider the combination of all of Plaintiff's impairments when formulating the RFC and the ALJ failed to adequately explain its consideration. (Pl.'s Obj. at 1–2.) Plaintiff also asserts that the Magistrate Judge erred in her recommendation because the ALJ failed properly to evaluate Plaintiff's subjective physical complaints by failing to provide a clear path of reasoning and improperly considering Plaintiff's activities of daily living. (*Id.* at 4.)

In response, the Commissioner maintains that the Magistrate Judge correctly found that the ALJ adequately explained and considered all severe and non-severe impairments. (Def.'s Resp. at 4, ECF No. 19.) Additionally, the Commissioner argues that the Magistrate Judge specifically highlighted how the ALJ's decision was supported by substantial evidence and how its consideration of Plaintiff's daily activities was

7

adequate and proper. (*Id.* at 6–7.) Therefore, the Commissioner urges the Court to overrule Plaintiff's objections, adopt the R&R, deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the ALJ's decision. (*Id.* at 7.)

## II. DISCUSSION

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)) (alteration in original). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (citing *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)) (alteration in original)).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (quoting *Johnson*, 434 F.3d at 653) (second alteration in original); *see also Biestek*, 139 S. Ct. at 1156 (describing the substantial evidence standard as "deferential"). "A factual finding

8

by the ALJ is not binding[,] [however,] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard and having reviewed the record, Plaintiff's Objections, and the Magistrate Judge's R&R, this Court finds that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's objections will be overruled.

### A. The ALJ properly considered Plaintiff's mental impairments in its determination of the RFC.

Plaintiff objects to the ALJ's analysis of Plaintiff's impairments in its formulation of the residual functional capacity. (Pl.'s Obj. at 1.) The ALJ's RFC did not include any mental limitations, despite Plaintiff identifying her mental health as the main disabling complaint. (*Id.* at 2.) Although Plaintiff recognizes—as the Magistrate Judge and Commissioner note—that mild limitations at step two are not required to be included into an RFC, Plaintiff argues that the ALJ failed to *explain* its consideration of Plaintiff's mental health. (*Id.*) In other words, if the ALJ sought not to include mild limitations into the RFC, then it needed to state its considerations and reasons for not doing so.

And Plaintiff asserts the Magistrate Judge overlooked this issue because she improperly relied on the ALJ's summary of evidence at step two and reviewed the "decision as a whole" to supplant actual reasoning by the ALJ. (*Id.*) Plaintiff argues that the Magistrate Judge cannot justify the ALJ's decision by reviewing the "decision as a

9

whole" when the ALJ simply failed to clearly discuss Plaintiff's mental impairments after step two. (*Id.* (citing *Island Creek Coal Co. v. Blankenship*, 123 F.4th 684, 695–96 (4th Cir. 2024) (holding that an ALJ's summary of medical opinions, standing alone, was "insufficient to satisfy the duty of explanation under the APA")).) Moreover, contrary to the ALJ's unexplained decision to not include Plaintiff's mental limitations into her RFC, Plaintiff argues that the evidence the ALJ discussed "wholly suggests that Plaintiff's mental health symptoms impact her functioning" and "some measure of accommodation is necessary." (*Id.* at 3.) Again, Plaintiff emphasizes, if the ALJ disagreed with that interpretation of the evidence, it should have adequately explained itself. (*Id.*) But it did not. Thus, Plaintiff requests remand for the ALJ to correct its error and explain why no mental limitations were merited in the RFC. (*Id.* at 4.)

In response, the Commissioner argues—as the Magistrate Judge noted—that the ALJ was "not required to explain or incorporate functional limitations with a de minimis effect in" the RFC. (Def.'s Resp. at 3 (collecting cases).) The Fourth Circuit has held that the ALJ is "only required to *consider* these non-severe impairments," and so long as the impairments are discussed under step two, a court's review of the ALJ's decision is "not frustrated" when it omits further discussion under the RFC step. *Britt v. Saul*, 860 F. App'x 256, 262 (4th Cir. 2021) (emphasis in original). Because the ALJ explained at step two why it believed Plaintiff's mental impairments caused no more than a mild limitation in any functional area and there was no more than a minimal limitation in Plaintiff's ability to do basic work activities, the Commissioner contends that the ALJ satisfactorily considered Plaintiff's mental impairments. (Def.'s Resp. at 4–5.)

10

Moreover, the Commissioner argues that the Magistrate Judge readily identified where the ALJ did in fact explain—at the RFC step—why Plaintiff's mental impairments were not incorporated into the RFC. (*Id.* at 5.) The Magistrate Judge pointed to the ALJ's discussion of evidence in the Record which the ALJ found did not support Plaintiff's allegations of the severity of her mental impairments. (*Id.* (citing R&R at 15 (citing R. at 25–26)).) Based on this discussion, the Commissioner asserts that the Magistrate Judge correctly concluded that "the RFC assessment reflected the de minimis degree of limitation found . . . the ALJ's explanations allow for meaningful review, and substantial evidence supports the ALJ's findings that Plaintiff's non-severe mental impairments did not justify mental RFC limitations." (R&R at 16.) The Court agrees.

The ALJ found that Plaintiff's "mental impairments cause no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in [Plaintiff's] ability to do basic work activities," and thus, her mental impairments "are non-severe." (R. at 22.) In assessing Plaintiff's RFC, the ALJ was required to consider—and explain its consideration of—both severe and non-severe impairments. *See* 20 C.F.R. § 404.1545(c); *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (holding moderate limitations must be accounted for in the RFC or alternatively explained). But "ALJs are not required to explain or incorporate functional limitations with de minimis effect in RFCs." *Kimberly G. v. Comm'r of Soc. Sec.*, No. 2:21-CV-45, 2021 WL 8086729, at *10 (E.D. Va. Dec. 7, 2021), *report and recommendation adopted*, No. 2:21-CV-45, 2022 WL 882165 (E.D. Va. Mar. 24, 2022). And here, the ALJ adequately explained why it found that Plaintiff's mental impairments

11

caused either mild or no limitation to her functioning. (*See* R. at 21–22.) After making these findings, the ALJ was "not required to explain or incorporate" Plaintiff's mental impairments in her RFC. Yet even under Plaintiff's theory that the ALJ was required to explain or incorporate her de minimis mental impairments in the RFC, the record reflects the ALJ did.

The ALJ noted that "[t]he record does not support [Plaintiff's] allegations of symptom severity," and then proceeded to cite several examples in the record which supported this conclusion, including treatment provider findings, Plaintiff's independent living, temporary life stressors, among many others. (*Id.* at 25–26.) The ALJ further assessed that Plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual with relatively infrequent appointments for treatment for the alleged symptoms." (*Id.* at 26.) Plaintiff argues that notwithstanding this discussion, the ALJ did not offer the conclusion that "the RFC assessment reflected the de minimis degree of limitation found," as the Magistrate Judge concluded. (Pl.'s Obj. at 2.) But finding Plaintiff's mental impairments caused only mild or no limitations to Plaintiff's alleged severity, the ALJ did not need to explain why it did not include these de minimis impairments in the RFC.

Additionally, Plaintiff is incorrect that *Island Creek* requires more from the ALJ. 123 F.4th 684; (Pl.'s Obj. at 3.) In *Island Creek*—a Black Lung Benefits Act case arising under the APA—the ALJ merely summarized the medical opinions of four (4) doctors and then entirely discredited the opinions of two (2) of them—with little to no explanation. 123 F.4th at 695. The Fourth Circuit held that the ALJ could not rely on

12

"summaries of the medical opinions, standing alone, . . . to satisfy his duty of explanation under the APA." *Id.* Here, the ALJ fully explained why it found that Plaintiff's mental impairments caused mild or no limitations and why the record did not support Plaintiff's allegations of symptom severity. And again, once it made these conclusions, the ALJ, was "not required to explain or incorporate functional limitations with de minimis effect in RFCs." *Kimberly G.*, 2021 WL 8086729, at *10. Thus, the ALJ satisfied its duty of explanation. *See Island Creek*, 123 F.4th at 695 ("[T[he ALJ's duty of explanation is satisfied 'if a reviewing court can discern what the ALJ did and why [ ]he did it.'" (quoting *Harman Min. Co. v. Dir., Off. of Workers' Comp. Programs*, 678 F.3d 305, 316 (4th Cir. 2012) (cleaned up))).

### B. The ALJ properly evaluated Plaintiff's subjective complaints.

Next, Plaintiff objects to the Magistrate Judge's recommendation that the ALJ properly evaluated Plaintiff's subjective physical complaints. (Pl.'s Obj. at 4.) Plaintiff argues that the Magistrate Judge improperly relied on "the ALJ's summary of evidence" rather than "any actual explanation offered by the ALJ." (*Id.*) And the ALJ, Plaintiff contends, failed to "build an accurate and logical bridge from the evidence to his conclusion that [Plaintiff's] testimony was not credible." (*Id.* (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017)).) Additionally, Plaintiff argues that the ALJ improperly considered the type of activities Plaintiff could perform without also considering the extent to which she could perform them. (*Id.* at 5 (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)).) In other words, the ALJ did not articulate "whether Plaintiff could perform such activities at the level required by competitive full-

13

time employment." (*Id.*)

Conversely, the Commissioner asserts that the Magistrate Judge identified several examples in the record that formed the basis of the ALJ's analysis. (Def.'s Resp. at 5–6.) The Commissioner highlights that the Magistrate Judge and ALJ noted "examples in the record of Plaintiff's noncompliance with recommended, conservative treatment, normal mental and physical findings throughout the period at issue, Plaintiff's regular self-reports of none or mild mental health symptoms, and significant treatment gaps and frequent reports of no pain." (*Id.* at 6 (citing R&R at 18–19).) And these inconsistencies the ALJ observed formed the basis for discrediting Plaintiff's subjective complaints. The Commissioner also argues that the Magistrate Judge considered both the type of activities and the extent to which Plaintiff could perform them. (*Id.*) The Magistrate Judge concluded that the ALJ considered that "Plaintiff could live alone, independently perform personal care, and work four hours a day, four days a week at a job involving constant moving or standing, lifting 25 pounds frequently and 50 pounds occasionally, and customer service responsibilities." (R&R (citing R. at 22, 24, 26–27).) Accordingly, the Commissioner contends that there is substantial evidence to support the ALJ's findings and the Court should adopt the Magistrate Judge's affirmation of these findings. (Def.'s Resp. at 7.)

The Court agrees with the Magistrate Judge. The ALJ did not err by discrediting Plaintiff's subjective complaints. As it noted, Plaintiff's allegations of symptom severity conflicted with her conduct. (R. at 26.) Moreover, Plaintiff's allegations conflicted with the statement of Dr. Patel, Plaintiff's treating orthopedic surgeon, who noted that Plaintiff

14

can perform medium exertion in an eight (8) hour work day. (R. at 27.) Thus, the Court finds the ALJ's conclusion that Plaintiff's "current use of medication and treatment do not suggest the presence of an impairment that is more limiting than is found in the [ALJ's] decision" adequately explained and supported by substantial evidence. (*Id.*)

The Court also finds that in reaching its conclusion, the ALJ sufficiently considered both the type and extent of activities Plaintiff performed. In *Brown*, the Fourth Circuit held that the ALJ cannot merely note various activities "such as 'cooking, driving, doing laundry, collecting coins, attending church and shopping'" without "acknowledg[ing] the limited extent of those activities as described by [the plaintiff] or explain how those activities showed that he could sustain a full-time job." *Brown*, 873 F.3d at 269. Here, the ALJ noted that Plaintiff could live alone and although she reported that some assistance was required for cooking, she required no assistance with grooming, self-care, driving, and shopping. (R. at 26, 28.) But most notably, the ALJ also considered not only that Plaintiff worked, but that she worked for four (4) hours a day, four (4) days a week, and was capable of prolonged standing or sitting and frequent heavy lifting. (R. at 24, 27.) Because Plaintiff was capable of that extent of working, the ALJ found she was capable of several occupations, including that of a coffee maker, battery stacker, and laundry worker. (R. at 29.) Additionally, unlike in *Brown* and as already discussed, the ALJ presented several reasons to discredit Plaintiff's allegations of symptom severity. Accordingly, the Court finds no error in the Magistrate Judge's Report and Recommendation and the Court will overrule Plaintiff's objections.

## III. CONCLUSION

This Court finds that the ALJ adequately explained why the record did not support mental health limitations in Plaintiff's RFC and the ALJ also properly considered Plaintiff's subjective complaints and weighed those allegations against the overall record. Therefore, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings. For these reasons, the Court will accept and adopt the Magistrate Judge's Report and Recommendation (ECF No. 17). Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 12) will be denied, and Defendant's Motion for Summary Judgment (ECF No. 14) will be granted. The Commissioner's decision will be affirmed.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: July 23, 2025
Richmond, Virginia